Voinché vs. Brouillette.

---

No. 12,727.

A. A. Voinché vs. Jean Arcade Brouillette.

A creditor of a succession, or an heir, or the creditor of an heir, who has obtained a judgment against the heir, his debtor, and who has had his interest as an heir seized, may compel an administrator of the succession to file an account showing what funds he has on hand.

While the interest of the heir is under seizure, the creditor who, by rule, compels the administrator to account, does not thereby injuriously affect any of the rights of his debtor or of the succession of which the debtor is an heir.

An action to compel an accounting by an administrator of the succession, who has never filed an account, although property has been sold, cash realized, and a number of years have elapsed since the succession was opened, offers no good ground for complaint.

APPEAL from the Tenth Judicial District Court for the Parish of Avoyelles. *Cullom, J.*

---

*A. V. Coco* for Plaintiff, Appellant.

---

*Couvillon & Son* for Defendant, Appellee.

Argued and submitted February 11, 1898.
Opinion handed down February 21, 1898.

———

The opinion of the court was delivered by

BREAUX, J. This was a rule taken by the creditor of an heir on the administrator of a succession to compel him to file an account of his administration.

It appears that the creditor obtained a judgment against the heir. Under this judgment he had seized the interest of the heir in the succession, and after seizure claimed, in virtue of the seizure, a right to compel the administrator to account.

The administrator interposed an exception to the rule of no cause of action. On this exception the rule was dismissed with costs.

The case is before us on the appeal of plaintiff from the judgment of dismissal.

Under the statute a creditor or other person interested may file a rule or motion to ascertain whether an administrator has any funds.

The plaintiff grants that a creditor of the succession or an heir has the right to compel the administrator to render an account upon motion or rule. But he contends that a seizing creditor has no such right prior to the advertisement and sale of the property seized; that his only right is to continue with the seizure to a sale and realize on his claim, as a seizing creditor, from the proceeds of the sale. To any one having an interest is given the right to rule an administrator to an account. This, in our view, manifestly includes the creditor who has caused the seizure to be effected. As a creditor he has the right to compel an accounting to make certain how much or how little he may be sold under his seizure. The judgment and seizure secured to him, as relates to the succession, a standing in court, and a right of which he can not be divested during the time that the property seized is *in gremio legis*. The indebted heir is without power to interfere. No good reason suggests itself why, during that time, the creditor should not be permitted to have fixed the amount coming to the heir, his debtor, as the heir might have done had his interest as an heir not been seized.

The plaintiff is not in a position to champion any right the heir may have. We did not, in the course of our discussion, discover that the heir can possibly be made to lose, in case of his payment of

his indebtedness, after the seizure of his interest.  He retakes his property or right, only made the more definite by the action taken on the rule or motion to compel the administrator to account.

It will be in time to decline to entertain such a rule to compel an accounting when ‚it will become apparent, in any case, that the creditor is harassing the legal representative and needlessly causing costs to be incurred.   We have discovered nothing of the kind here. We are informed by the record that the administrator qualified in February, 1894; that he had property sold, had funds on hand and has never rendered an account.   In view of these facts it became proper for him to account.

In Succession of Tureaud vs. Gex, 21 An. 253, the right of a creditor to be paid his judgment against one of the heirs was enforced. The creditor was an opponent and his right to proceed thus to secure an amount due his debtor was specially recognized.   If the creditor of an heir can proceed by way of opposition to recover the amount of his judgment, *a fortiori* he should have the right to compel an administrator to account to the end that he may ascertain the value of the right held by the sheriff, under his seizure for his, the creditor's, account.

In Smith & McKenna vs. Charles, 27 An. 504, also, the claim of the creditor was recognized " as one having an interest " in matter of the settlement of the succession of which his debtor was one of the heirs.

We do not think that we should stop half way; this court having heretofore decided that " any creditor or other person interested " take in the creditor of the heir (C. C. 1151); this, in our view, includes the creditor's right to compel the administrator to render an account.   Lastly: The proceedings by rule to compel the administrator to account has the law's sanction.   Succession of Townsend, 37 An. 114.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; that the case be remanded for further proceedings; that it be reinstated on the docket of the court *a qua*, and the issues tried in accordance with the views above expressed.

It is ordered that the defendant and appellee pay the costs of both courts.